## Case No. 9,113.

### MARSH v. CHARLESTON.

[1 Hughes, 288.] [1]

Circuit Court, E. D. South Carolina. 1877.

CORPORATIONS—UNPAID STOCK—CREDITOR—STATUTORY LIABILITY—SUIT AT LAW—JOINDER OF CREDITORS.

Where the charter of a bank makes each stockholder liable to twice the amount of his shares for its debts. and a judgment creditor sues at law a single shareholder who owns nearly all the shares, and it does not appear from the complaint that there are any other creditors besides the complainant, *held*, on demurrer, that although the case might be different if there were more than this one creditor, yet, it not appearing that there were other creditors, the demurrer must be overruled.

[This was an action by Fennimore C. Marsh against the city council of Charleston. Heard on demurrer.]

Before WAITE, Circuit Justice, and BOND, Circuit Judge.

WAITE, Circuit Justice. The plaintiff is a judgment creditor of the State Bank in the sum of $40,127.25, and the defendant a stockholder to the amount of $39,800. The charter of the bank provides, that "in case of the failure of the bank, each stockholder . . . . shall be liable and held bound individually for any sum not exceeding twice the amount of his . . . . share or shares." The bank has failed, and the plaintiff seeks in this action at law to charge the defendant, under this provision of the charter, with the payment of his judgment. It does not appear in the case as presented, that there are any other creditors of the bank or any other stockholders.

The defendant has demurred to the complaint, and, *in support of his demurrer*, contends that the individual liability of stock-

---

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

holders, as defined and created by this charter, cannot be enforced by one creditor for his own exclusive use to the injury of others.

If it anywhere appeared in the complaint, either by direct averment or fair legal inference, that there were other creditors of the bank, and that the assets, including the liabilities of the stockholders, were not sufficient to pay all in full, we should sustain the demurrer. In our opinion, it was not the intention of the legislature, by this provision, to create a liability to the separate creditors, which one could enforce to the injury of another. The undertaking assumed by the stockholders is not to pay debts, but to such sums, not exceeding the amounts of their respective shares, as should be necessary under the circumstances. Undoubtedly the object was to furnish the creditors with additional security, and to have the payments, when made, applied to the discharge of the debts. The obligation, too, is one that may be enforced by the creditors, but as it is to or for all the creditors, and not any one alone, it must, as we think, be enforced by or for all. The form of action employed, therefore, should be one adapted to the protection of all.

As it does not now appear that there is any creditor of the bank except the one who sues, we cannot say that this form of action is not adapted to the circumstances of this case. The demurrer is therefore overruled, with leave to the defendant to avail himself of his proposed defence by answer.